14752

RILEY v. SUMTER CONSOLIDATED HIGH SCHOOL DIST. NO. 34 OF SUMTER COUNTY *ET AL.*

(199 S. E., 165)

*Mr. Wayne Law Clifton,* for petitioner.

*Mr. Shepard K. Nash,* for respondent,

October 12, 1938.

*Per curiam.*

This action was brought in the original jurisdiction of the Court upon the petition of John J. Riley, in behalf of himself and all other taxpayers and residents of the area comprising Sumter Consolidated High School District No. 34 of Sumter County, S. C. The petition is verified and shows that the questions raised in said petition are of great concern to the public interest of the taxpayers and citizens resident of said school district. On the verified petition the Senior Associate Justice of this Court, in the absence of the Chief Justice, issued his rule requiring the respondents herein to show cause at the next convening of this Court why they should not be enjoined and restrained from issuing $140,000.00 of coupon school improvement bonds.

The petition alleges that the respondent high school district is established according to law, and that the other respondents constitute the board of trustees of said school district; that pursuant to a petition signed by more than one-third of the qualified electors of said school district, and a petition signed by more than one-third of the resident freeholders over twenty-one years of age, the respondent trustees ordered an election to be held on July 27, 1938, on the question of issuing a minimum of $90,000.00 and a maximum of $140,000.00 of school improvement bonds; that legal notice of such election was given, and that at such election 212 voted in favor of the issuance of such bonds, and two voted against the same. The election was duly declared by the respondents trustees to have been in favor of the is-

suance of said bonds. Subsequently, after due advertisement, the respondents trustees entered into an agreement to sell the maximum amount of said bonds authorized to be sold, at a price of par plus a premium of $2,226.44, with interest at the rate of $3\frac{1}{4}\%$ per annum. The petition questions the right of the respondents to issue said bonds, upon the following grounds:

(1) That the maturities do not comply with Sections 7343 and 7344 of the Code of 1932, in that only $1,000.00 per year of the principal sum is made to mature the first seven years of said bonds.

(2) That the question of pledging the tax revenue of said school district was not submitted in the election on the issuance of said bonds.

(3) That the proceedings taken by respondents for calling and holding of the election on the issuance of said bonds were not taken pursuant to Act No. 308, Acts of 1933, p. 433, if the same applied.

The respondents filed their return in which they admitted the facts set forth in the petition, but alleged that the bonds contracted to be sold by respondents were to be issued under the terms of Act No. 308, Acts of 1933, and that said bonds proposed to be issued by them were binding obligations of the said school district.

Sections 7343 and 7344, Code of 1932, provide that bonds issued by political subdivisions shall mature serially, with not less than 2.5% of the principal payable each year, with maturities to commence not more than five years from the date of issue; therefore, if these sections control, the minimum yearly payment on the bonds referred to in the petition herein would be $3,500.00. However, as hereinafter shown, Act No. 308, Acts of 1933, has modified the said sections of the Code, so as to authorize the issuance of the bonds referred to in the petition.

Section 1 of Act No. 308, Acts of 1933, p. 434, provides: " * * * school districts, and all political sub-divisions of the State are authorized and empowered to borrow * *. *

from any source funds. for the construction * * . * of any projects that are needful in the public interest, * * * under such terms and conditions as may be acceptable to * * * the agency of the source from which such loans may be obtained."

Under. the terms of this Act the respondents have the right to issue the bonds in question and to sell the same upon any terms satisfactory to the purchaser, school improvements being "needful in the public interest." Respondents contracted to sell the bonds upon the maturities set forth in the petition, and Act No. 308, Acts of 1933, is ample authority for the terms of maturities fixed by respondents in the sale of said bonds.

Act No. 308, Acts of 1933, provides that no tax revenue of any political subdivision, except counties shall be pledged without submitting the question to an election by the people of the respective unit. This Act, however, does not provide any method for holding an election thereunder, and therefore reference must be had to the general school law to see whether or not the election was held to pledge the tax revenue of the respondent school district. It is an admitted fact that all of the requirements relating to an election on the question of issuing general obligation school district bonds were complied with. The ballot used in the election did not specifically state that the tax revenue of the school district would be pledged to repay the bonds to be issued thereunder, but the said ballot informed the voters of the question upon which they were balloting, that is, the issuance of school improvement bonds. This Court held in the case of *Sullivan v. City Council of Charleston,* 123 S. C., 91, 115, 116 S. E., 104, 112:

"The facts of this case do not warrant the court in sustaining the objection to the form of the ballot. Without doubt it is safer in such elections (not essential), to have the ballot express the precise amount to which it is proposed to issue bonds, for then there can be no doubt of the voter having fair notice of the import of his vote. But there is no

statutory (or constitutional) provision as to the form of the ballot, and the most that the court can require in this respect is that the voter have reasonable notice of the election and the issue it involved."

There can be no doubt but what the petition for an election, the notice of election and the ballot were ample notice to the taxpayers that general school obligations were to be issued if the election carried, and for this reason there has been a compliance with Act No. 308, Acts of 1933.

The proceedings to hold the election were taken under the provisions of Section 5621, Code of 1932, but it was necessary that this be done, so that the bonds issued pursuant to Act No. 308, Acts of 1933, might carry a pledge of tax revenue to pay the same. It is clear that Section 2 of Act No. 308, Acts of 1933, p. 435, contemplates that an election pledging taxes of the respondent school district should be held as required by Section 5621, Code of 1932. These requirements were fully complied with by respondents. Therefore, the bonds contracted to be sold by respondents under Act No. 308, Acts of 1933, are valid and binding obligations of the respondent school district, payable from an unlimited tax on all of the property in said school district.

It is the judgment of this Court that the petition be dismissed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.